UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL HYUNGSUP KIM,<br><br>                     Plaintiff,<br><br>-against-<br><br>CHUNG SOOK LEE; BYUNG JUNG LEE; YONG IK KIM; IN-JUN KIM; JOONG IL AN; HYUN SUNG KIM; SEUNG HWA KANG; KOREAN CONSULATE GENERAL, NEW YORK, THE GOVERNMENT OF SOUTH KOREA<br><br>                     Defendants. | 18-CV-12230 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated August 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Michael Hyungsup Kim, who resides in Chateaugay, New York (Franklin County), brings this action regarding events that occurred in South Korea, and naming as Defendants individuals who reside in South Korea. Plaintiff used the Court's general complaint form to file his initial complaint, which includes a total of 17 pages, many of which are documents in Korean. (ECF No. 2.) On January 30, 2019, Plaintiff filed an 81-page statement that also includes many documents in Korean. (ECF No. 4.) On February 6, Plaintiff filed a four-page letter, informing the Court that his damages are in excess of $200,000,000. (ECF No. 5.)

Plaintiff filed a 99-page submission on August 2, 2019, titled "Complaint (continued)." (ECF No. 7.) This submission has many attachments in Korean. On the same date, Plaintiff also filed a 22-page document titled, "urgent injunction," including attachments in Korean. (ECF No. 6.) On August 7, 2019, Plaintiff filed a 115-page submission titled "Complaint (continued)," and this submission also includes many attachments in Korean. (ECF No. 8.) On that same date, Plaintiff also filed a 117-page document titled, "Urgent Injunction," which also includes many attachments in Korean. (ECF No. 9.) On August 8, 2019, Plaintiff filed 407- page document titled, "Urgent Injunction," including many attachments in Korean. (ECF No. 10.) On that same date, Plaintiff also filed two applications for the Court to request *pro bono* counsel – one document totaling 54 pages (ECF No. 11), with many attachments in Korean, and the other document totaling 48 pages (ECF No. 12), with many of the attachments also in Korean.

On August 12, 2019, Plaintiff filed a letter listing the Defendants and indicating by check marks that three of the Defendants were missing on the Court's docket. (ECF No. 14.) On that

2

same date, Plaintiff also filed a ten-page "Letter of Complaint," with six pages of attachments in Korean. (ECF No. 15.) On August 16, 2019, Plaintiff filed a 36-page "Amended Complaint." (ECF No. 16.) On the same date, Plaintiff filed a three-page letter also about the three Defendants missing from the Court's docket. (ECF No. 17.)[1] On August 14, 2019, Plaintiff filed a 131-page document titled, "Amended Complaint," and "Urgent Injunction," with many of the attachments in Korean. (ECF No. 18.) On August 29, 2019, Plaintiff filed a 37-page "Amended Complaint (ECF No. 19), that is identical to the submission filed on August 16, 2019 (ECF No. 16), except that it includes a copy of Plaintiff's certificate of naturalization that was previously submitted to the Court.

The Court has reviewed Plaintiff's submissions and attachments and it appears that Plaintiff has submitted many attachments more than once. The Court is unable to read most of the attachments because they are in Korean. In reading the English portions of Plaintiff's submissions, the Court discerns that Plaintiff is seeking to raise the following claims: copyright, trademark, torture, theft of real estate, violations of United States Postal law, fraud, and threats. It appears that Plaintiff has raised some of these claims in the Daejeon District Court in Korea.

## DISCUSSION

### A. Rule 8 Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

---

[1] As per Plaintiff's most recent submissions, it appears that all Defendants are now reflected on the Court's docket.

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

B.  **Documents not in English**

Many of the documents that Plaintiff has attached to his submissions are in Korean, and the Court is therefore unable to review them. Although this Court's local rules do not prohibit submission of pleadings in a foreign language, "[i]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002); *see also United States v. Morales-Madera*, 352 F.3d 1, 7 (1st Cir. 2003) ("The language of the federal courts is English. Participants, including judges, jurors, and counsel, are entitled to understand the proceedings in English."). Documents not in English must be accompanied by an English translation. *See, e.g. Court of Common Pleas v. Kelly*, 417 Fed. App'x 126, 128 (3d Cir. 2011) (holding that where a district court's local rules do not prohibit submission of pleadings in a foreign language, such court should request a translation of foreign language pleadings or grant leave to amend the pleadings before taking final action on the foreign language filing).

Plaintiff has failed to provide an English translation for the many documents he has submitted that are not in English.

C.  **Personal Jurisdiction**

The plaintiff bears the burden of establishing jurisdiction and must make a *prima facie* showing that jurisdiction exists. *See Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y.

4

July 27, 2015) (citing *Penguin Grp. (USA) Inc. v. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Id.* at 35. The plaintiff must also "establish the court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

A district court must look to the law of the state in which it sits to determine whether it has personal jurisdiction over foreign defendants. *See Walden v. Fiore*, 521 U.S. 277 (2014); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The Court therefore must look to New York law to evaluate whether it may exercise personal jurisdiction over Defendants.

Pursuant to N.Y. C.P.L.R. § 301, a defendant is subject to personal jurisdiction if he is domiciled in New York, served with process in New York, or continuously and systematically does business in New York. *See Jonas*, 116 F. Supp. 3d at 323. In addition, a defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the following acts either in person or through an agent and such acts relate to an asserted claim: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state but injuries a person or property in the state; or (4) owns, uses, or possesses any real property in the state. *See* N.Y. C.P.L.R. § 302(a).

To the extent that the Court can understand Plaintiff's submissions, he does not allege facts sufficient for this Court's exercise of personal jurisdiction over Defendants. He does not allege that Defendants are domiciled in New York or continuously and systematically do

business in New York. He also does not set forth any facts demonstrating that Defendants are subject to New York's long-arm statute.

D.     **Emergency Injunctive Relief**

Plaintiff has filed several documents requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's complaint does not comply with Rule 8, and many of the documents are in Korean and are not accompanied by an English translation. The Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause is denied.

E.     **Further Leave to Amend is Denied**

Plaintiff has, without leave of the Court, submitted three amended complaints. Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend his pleading by leave of the court. Fed. R. Civ. P. 15(a). Leave of the court "shall be freely given when justice so requires." *Id.* The decision whether to grant leave remains within the discretion of the district

6

court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave may be denied when there is a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* at 182. "[L]eave to amend is properly denied when the amended complaint would not survive a motion to dismiss." *Mina Investment Holdings Ltd. v. Lefkowitz*, No. 97 Civ. 1321 (RWS), 1999 WL 25050, at *13 (S.D.N.Y. Jan. 20, 1999); *Torres v. Knapich*, 966 F. Supp. 194, 195 (S.D.N.Y. 1997).

Generally, consistent with Rule 15(a), Second Circuit precedent is clear that "[a] pro se complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). The court can, however, deny leave to amend where it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir.1999) (internal quotations, citations omitted).

Because Plaintiff's submissions are not short and plain and many of the documents are in Korean, Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Furthermore, some of Plaintiff's claims have previously been raised in the Daejeon District Court in Korea, and it does not appear that this Court can exercise personal jurisdiction over Defendants. Despite filing multiple amendments, Plaintiff has failed to cure the deficiencies in his submissions. The Court therefore declines to grant Plaintiff further leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's third amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's requests for emergency injunctive relief are denied as moot.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge